1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  MARIE V. BROCKWAY and THE MARIE
    V. BROCKWAY 2006 TRUST DATED
12  5/22/06,

13                                          Plaintiff,

14                      vs.

15  JP MORGAN CHASE BANK; WELLS
    FARGO BANK, as Trustee for the Certificate
16  holders of Structured Asset Mortgage
    Investments II, Inc. Bear Stearns, Mortgage
17  Funding Trust 2007-AR4 Mortgage Pass-
    Through Certificates, Series 2007-AR4 by
18  EMC Mortgage Corporation as attorney in
    fact;
19
                                          Defendants.
20

CASE NO. 11cv2982 JM(BGS)

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
DISMISS; GRANTING LEAVE TO
AMEND

21      Defendants JP Morgan Chase Bank and Wells Fargo Bank, as Trustee for the Certificate

22  holders of Structured Asset Mortgage Investments II, Inc. Bear Stearns, Mortgage Funding Trust

23  2007-AR4 Mortgage Pass-Through Certificates, Series 2007-AR4 by EMC Mortgage Corporation as

24  attorney in fact, move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss

25  the complaint for failure to state a claim.  Plaintiffs Marie V. Brockway and the Marie V. Brockway

26  2006 Trust Dated 5/22/06 (collectively "Brockway" or "Plaintiff") does not oppose the dismissal

27  without prejudice of the fourth, eighth, tenth, eleventh, thirteenth and fourteenth causes of action.

28  Plaintiff also requests leave to amend the remaining causes of action.  Pursuant to Local Rule

7.1(d)(1), this matter is appropriate for decision without oral argument.  For the reasons set forth below, the court grants in part and denies in part the motion to dismiss and grants Plaintiff 15 days' leave to amend from the date of entry of this order.

## BACKGROUND

On November 5, 2011, Plaintiff commenced this mortgage-related action in the Superior Court of the State of California for the County of San Diego and, on December 21, 2011, Defendants timely removed this diversity action.  The verified complaint alleges 14 causes of action: (1) Breach of Contract (first cause of action), (2) Declaratory Relief (second cause of action), (3) Demand for Accounting (third cause of action), (4) Breach of Implied Covenant of Good Faith and Fair Dealing (fourth cause of action), (5) Rescission/Cancellation (fifth cause of action), (6) Quiet Title (sixth cause of action), (7) Injunctive Relief (seventh cause of action), (8) Intentional Infliction of Emotional Distress (eighth cause of action), (9) Negligent Misrepresentation (ninth cause of action), (10) Cancellation of Trustee's Deed Upon Sale (tenth cause of action), (11) Unjust Enrichment (eleventh cause of action), (12) Violation of California Civil Code sections 1920 and 1921 (twelfth cause of action), (13) Willful and Oppressive Wrongful Foreclosure (thirteenth cause of action), and (14) Negligent Wrongful Foreclosure (fourteenth cause of action).

Plaintiff's claims arise from a residential loan transaction entered into on February 20, 2007 with now defunct Drexel Lending Group ("Drexel").  (Compl. ¶12).  Plaintiff obtained 30 year ARM in the amount of $540,000 and a second mortgage in the amount of $100,000.  Id.  In broad brush, Plaintiff alleges that employees or agents of Drexel "deliberately, purposefully and with intent to deceive" completed the loan application on her behalf and overstated her income.  (Compl. ¶13).  Without sufficient income to continue to make payments on the loan, Plaintiff fell behind in her payments and sought a loan modification.[1]  Plaintiff alleges that she wants to retain possession of the home "and does not understand, since she does qualify for a loan modification, why wouldn't they consider a permanent loan restructure on this property."  (Compl. ¶21).

Plaintiff alleges that she qualified for a permanent loan modification under the Home

---

[1] The court takes judicial notice of the two Notices of Default recorded against Plaintiff's property on December 16, 2010 and October 10, 2011.  (Defendants' Request for Judicial Notice, Exh. F, G).

Affordable Modification Program ("HAMP"), but did not receive one. Chase, the alleged successor in interest to Drexel, (Compl. ¶40), "took over the loan" from Drexel.  At some unidentified point in time, Plaintiff alleges that Chase entered into an agreement with the Treasury Department "to be bound by HAMP requirements and must abide by the framework and protocols for administering the benefits of HAMP." (Compl. ¶32).  Plaintiff alleges that Chase breached HAMP when it refused to modify Plaintiff's loan. (Compl. ¶¶44-49).  All of Plaintiff's claim arise from the above generally described conduct.

## DISCUSSION

### Legal Standards

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949.  Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  The defect must appear on the face of the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted as part of the complaint.  Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences

1    to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However,

2    conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6)

3    motion.  In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

4    **The Successor in Interest Argument**

5    Defendants contend that they are not liable for Drexel's allegedly wrongful conduct.  A

6    successor in interest is not liable for the torts of the assignor unless "(1) there is an express or implied

7    agreement of assumption, (2) the transaction amounts to a consolidation or merger of the two

8    corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of

9    assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts." Fisher

10   v. Allis-Chambers Corp. Product Liability Trust, 95 Cal.App.4th 1182, 1188 (2002). As the complaint

11   fails to specifically allege the basis for the successor in interest allegation, Defendants conclude that

12   they cannot be held liable for Drexel's conduct.  The court rejects this argument.

13   Pursuant to federal notice pleading rules, Plaintiff need only set forth a short and plain

14   statement of the case.   Fed.R.Civ.P. 8(a).  Nothing more is required.  Here, the allegation that

15   Defendants are successors in interest to Drexel provides sufficient notice to Defendants in order to

16   adequately conduct discovery and respond to the complaint, especially where Defendants are uniquely

17   situated to possess knowledge about their relationship, if any, with Drexel.  Accordingly, the court

18   rejects this argument and notes that any successor in interest related issue is better resolved in the

19   context of an evidentiary motion.

20   **The Causes of Action**

21   As Plaintiff seeks leave to file an amended complaint to address, in large part, the deficiencies

22   identified by Defendants, the court only briefly addresses the claims opposed by Plaintiff.

23   The Breach of Contract Claim

24   Defendants argues that Plaintiff lacks standing to sue under HAMP because she is neither a

25   party nor an intended beneficiary to the Servicer Participation Agreement under HAMP.  Furthermore,

26   HAMP does not require lenders to enter into loan modification agreements.  See Lucia v. Wells Fargo

27   Bank, N.A., Nos. C 10-0479 JSW, 2011 WL 3134422 at *7 (N.D. Cal. Apr. 22, 2011) ("HAMP only

28   requires  participating servicers to consider eligible loans for modification, but does not require

servicers to modify eligible loans.").

In response, Plaintiff requests leave to amend to plead a breach of contract claim on the ground that "a private entity can be held liable for violating a government program if its activities are found to be 'inextricably intertwined' with those of the government." (Oppo. at p.5:11-13). As leave to amend is to be freely given, the court grants the motion to dismiss this claim with leave to amend.

The Accounting Claim

Defendants argue that Plaintiff fails to state a claim for an accounting because (1) there is no fiduciary relationship between Plaintiff and Defendants and (2) Plaintiff fails to state any other claim. Because the court grants Plaintiff leave to amend her claims, the court declines to reach this claim until after Plaintiff files a First Amended Complaint ("FAC").

The Quiet Title Claim

As with the accounting claim, the court declines to reach this argument until after Plaintiff files the FAC.

The Claims for Injunctive and Declaratory Relief

Defendants move to dismiss the second and seventh causes of action for injunctive and declaratory relief, respectively, because these are remedies, and not claims, and because Plaintiff fails to otherwise state a claim. As with the other claims, the court declines to reach this argument until after Plaintiff files the FAC to plead the requisite elements of each cause of action.

Leave to Amend

Plaintiff requests leave to amend the complaint to delete, modify, or add additional claims. As leave to amend is freely given, Fed.R.Civ.P. 15(a), the court grants the motion for leave to amend.[2]

In sum, the court grants in part and denies in part the motion to dismiss without prejudice. The court grants Plaintiff's motion to voluntarily dismiss the fourth, eighth, tenth, eleventh, thirteenth and fourteenth causes of action. The court also grants Defendants' motion to dismiss the first, second,

/ / /

/ / /

---

[2] The court notes that any amended complaint need only comply with Rule 8's mandate to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

1    third, sixth, and seventh causes of action.  The court also grants Plaintiff 15 days leave to amend from

2    the date of entry of this order.

3         **IT IS SO ORDERED.**

4    DATED:  February 17, 2012

5                                                                              _____

6                                                              Hon. Jeffrey T. Miller
                                                             United States District Judge

7    cc:          All parties

- 6 -

11cv2982