1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MARIE V. BROCKWAY and THE MARIE           CASE NO. 11cv2982 JM(BGS)
     V. BROCKWAY 2006 TRUST DATED
12   5/22/06,                                   ORDER GRANTING MOTION TO
                                                DISMISS; GRANTING LEAVE TO
13                              Plaintiff,      AMEND

14        vs.

15   JP MORGAN CHASE BANK; WELLS
     FARGO BANK, as Trustee for the Certificate
16   holders of Structured Asset Mortgage
     Investments II, Inc. Bear Sterns, Mortgage
17   Funding Trust 2007-AR4 Mortgage Pass-
     Through Certificates, Series 2007-AR4 by
18   EMC Mortgage Corporation as attorney in
     fact;
19
                               Defendants.
20
          Defendants JP Morgan Chase Bank ("Chase") and Wells Fargo Bank ("Wells Fargo"), as

21   Trustee for the Certificate holders of Structured Asset Mortgage Investments II, Inc. Bear Sterns,

22   Mortgage Funding Trust 2007-AR4 Mortgage Pass-Through Certificates, Series 2007-AR4 by EMC

23   Mortgage Corporation as attorney in fact, move, pursuant to Rule 12(b)(6) of the Federal Rules of

24   Civil Procedure, to dismiss the First Amended Complaint ("FAC") for failure to state a claim.

25   Plaintiffs Marie V. Brockway and the Marie V. Brockway 2006 Trust Dated 5/22/06 (collectively

26   "Brockway" or "Plaintiff") opposes the motion.  Pursuant to Local Rule 7.1(d)(1), this matter is

27   appropriate for decision without oral argument.  For the reasons set forth below, the court grants the

28   motion to dismiss and grants Plaintiff 15 days leave to amend from the date of entry of this order.

**BACKGROUND**

On November 5, 2011, Plaintiff commenced this mortgage-related action in the Superior Court of the State of California for the County of San Diego, and on December 21, 2011, Defendants timely removed this diversity action. On February 17, 2012, the court granted in part and denied in part the earlier motion to dismiss and granted Plaintiff leave to amend. (Ct. Dkt. 8). The FAC alleges seven causes of action: (1) Breach of Contract, (2) Declaratory Relief, (3) Demand for Accounting, (4) Rescission/Cancellation, (6) Injunctive Relief, and (7) Violation of California Civil Code sections 1920 and 1921.

Plaintiff's claims arise from a residential loan transaction entered into on February 20, 2007 with now-defunct Drexel Lending Group ("Drexel"). (FAC ¶12). Plaintiff obtained a 30-year ARM in the amount of $540,000 and a second mortgage in the amount of $100,000. Id. In broad brush, Plaintiff alleges that employees or agents of Drexel "deliberately, purposefully and with intent to deceive" completed the loan application on her behalf and overstated her income. (FAC ¶13). Without sufficient income to continue to make payments on the loan, Plaintiff fell behind in her payments and sought a loan modification.[1] Plaintiff alleges that she wants to retain possession of the home "and does not understand, since she does qualify for a loan modification, why wouldn't they consider a permanent loan restructure on this property." (FAC ¶21).

Plaintiff alleges that she qualified for a permanent loan modification under the Home Affordable Modification Program ("HAMP"), but did not receive one. Chase, the alleged successor in interest to Drexel, (FAC ¶40), "took over the loan" from Drexel. At some unidentified point in time, Plaintiff alleges that Chase entered into an agreement with the Treasury Department "to be bound by HAMP requirements and must abide by the framework and protocols for administering the benefits of HAMP." (FAC ¶32). Plaintiff alleges that Chase breached HAMP when it refused to modify Plaintiff's loan. (FAC ¶¶44-49). All of Plaintiff's claim arise from the above generally described conduct.

Chase comes forward with the following judicially noticeable documents. On February 20,

---

[1] The court takes judicial notice of the two Notices of Default recorded against Plaintiff's property on December 16, 2010 and October 10, 2011. (Defendants' Request for Judicial Notice, Exh. F, G).

2007, Plaintiff entered into a loan transaction with Drexel for the purchase of the subject home. Plaintiff executed a promissory note and deed of trust ("Deed") in favor of Drexel as the lender.  The Deed names Mortgage Electronic Registrations Systems, Inc., ("MERS") as beneficiary and nominee of the lender, Drexel. On March 20, 2009, MERS recorded as assignment of Deed to Wells Fargo and, on April 2, 2009, MERS recorded another assignment of Deed to Citibank.  (Request for Judicial Notice).

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949.  Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  The defect must appear on the face of the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted as part of the complaint.  Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff.  Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However,

1   conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6)

2   motion.  In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

3   **The FAC**

4        The Breach of Contract Claim

5        Defendants argue that Plaintiff lacks standing to sue under HAMP because she is neither a

6   party nor an intended beneficiary to the Servicer Participation Agreement under HAMP.  Furthermore,

7   HAMP does not require lenders to enter into loan modification agreements.  See Lucia v. Wells Fargo

8   Bank, N.A., Nos. C 10-0479 JSW, 2011 WL 3134422 at *7 (N.D. Cal. Apr. 22, 2011) ("HAMP only

9   requires   participating servicers to consider eligible loans for modification, but does not require

10  servicers to modify eligible loans.").

11       At the outset the court notes that there are no binding precedents addressing the liability of

12  financial institutions under HAMP.  District courts that have addressed the issue have reached different

13  conclusions.  On the one hand, some courts have held out the possibility that a borrower "may be able

14  to state a claim" for breach of contract under HAMP as a third-party beneficiary.  Marquez v. Wells

15  Fargo Home Mortgage, Inc.,. Civil No. 09cv1985 L(RBB) (S.D. Cal. August 12, 2012).  However, in

16  Marquez, the district court also concluded that the plaintiff had failed to state a claim under HAMP

17  because he failed to allege that he pursued the loan modification or that the defendant considered the

18  loan modification. See Ansanelli v. JP Morgan Chase Bank, N.A., No. 10-03892 WHA, 2011 WL

19  1134451, at *6 (N.D. Cal. March 28, 2011) (rejecting the reasoning of Marquez, noting that "the third-

20  party beneficiary issue was dicta, as the court eventually held that plaintiff had failed to put forth

21  sufficient factual allegations to state a breach of contract claim and therefore dismissed the same");

22  Orcilla v. Bank of America, N.A., No. C10-03931 HRL, 2010 WL 5211507, at *3 (N.D. Cal. Dec. 16,

23  2010) (rejecting Marquez, noting that the "vast majority of courts to consider whether borrowers are

24  intended beneficiaries of HAMP have determined that they are not").

25       In light of the overwhelming weight of authorities that HAMP provides no private right of

26  action, either specifically or as a third-party beneficiary, the court grants the motion to dismiss with

27  prejudice.

28  / / /

1     <u>The Successor in Liability Claims</u>

2         Plaintiff alleges that she entered into a deed of trust transaction with Drexel, (FAC ¶12), and

3     that Chase took over the loan from Drexel.  (FAC ¶33).  In general, a successor in interest is not liable

4     for the torts of an assignor unless "(1) there is an express or implied agreement of assumption, (2) the

5     transaction amounts to a consolidation or merger of the two corporations, (3) the purchasing

6     corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the

7     fraudulent purpose of escaping liability for the seller's debts."  <u>Fisher v. Allis-Chalmers Corp Product</u>

8     <u>Liability Trust</u>, 95 Cal.Ap.4th 1182, 1188 (2002). Here, Plaintiff fails to set forth sufficient allegations

9     to depart from the general rule that a successor in interest is liable for the torts of an assignor.

10    <u>The Restitution Claim</u>

11        Defendants assert that Plaintiff cannot state a restitution claim because Defendants have not

12    been unjustly enriched.  Here, the Deed is an enforceable contract defining the rights and obligations

13    of the parties.  The existence of an enforceable contract generally precludes recovery for unjust

14    enrichment as a matter of law.  <u>Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal.</u>, 94 Cal.App.

15    4th 151, 172 (2001) (no claim for unjust enrichment lies where there is a binding agreement between

16    the parties).  Moreover, the FAC fails to allege that Defendants have been unjustly enriched.  Under

17    these circumstances the court dismisses this claim without prejudice and with leave to amend.

18        In sum, the court dismisses the restitution claim without prejudice.

19    <u>The Civil Code Sections 1920 and 1921 Claims</u>

20        Defendants move to dismiss these claims because Sections 1920 and 1921 are preempted by

21    the Home Owner's Loan Act ("HOLA") and the Alternative Mortgage Transaction Parity Act

22    ("AMTPA").  The court notes that virtually every authority cited by the parties has held that Sections

23    1920 and 1921 are preempted by either HOLA or AMTPA.  <u>Brown v. Bank of Am., N.A.</u>, No. Cis S-

24    10-1758 LKK(DAD) PS, 2011 WL 1253844 (E.D. Cal. March 31, 2011); <u>Jennings v. Wash. Mut.</u>

25    <u>Bank</u>, No. CIV S-10-2126 FCD-CMK, 2011 WL 775861 (E.D. Cal. Feb. 28, 2011) (finding claims

26    under Sections 1920 and 1921 preempted by HOLA).  The court further notes that Plaintiff fails to cite

27    any legal authority permitting such claims to proceed.

28        Accordingly, the court grants the motion to dismiss this claim with prejudice and without leave

1    to amend.

2        The Accounting Claim

3        Defendants argue that Plaintiff fails to state a claim for an accounting because (1) there is no

4    fiduciary relationship between Plaintiff and Defendants and (2) Plaintiff fails to state any other claim.

5    The court grants this motion because there is no fiduciary relationship between Plaintiff and

6    Defendants to warrant an accounting.  See Hamilton v., Bank of Blue Valley, 746 F.Supp.2d 1160,

7    1176 (E.D. Cal. 2010) ("the complaint lacks allegations of complexity or a fiduciary relationship to

8    warrant an accounting" and noting that there is no fiduciary relationship between a bank and its loan

9    customers" ).  The court dismisses this claim with leave to amend.

10       Accordingly, the court grants the motion to dismiss this claim.

11       The Quiet Title Claim

12       Under Cal. Code of Civil Procedure § 760.020, a quiet title action is appropriate where a party

13   alleges (1) a description of the property; (2) the basis for the plaintiff's title; and (3) the adverse claims

14   to plaintiff's title.  Here, the complaint fails to allege any basis to infer that Plaintiff's interest in the

15   property is superior to the security interest held by Defendants.  Under these circumstances, the court

16   grants the motion to dismiss.  This claim is dismissed with leave to amend.

17       The Claims for Injunctive and Declaratory Relief

18       Defendants move to dismiss the second and sixth causes of action for injunctive and

19   declaratory relief, respectively, because these are remedies, and not claims, and because Plaintiff fails

20   to otherwise state a claim.  The court declines to reach this argument until after Plaintiff files a Second

21   Amended Complaint to plead the requisite elements of each cause of action.

22       Leave to Amend

23       Plaintiff requests leave to amend the complaint to delete, modify, or add additional claims.  As

24   leave to amend is freely given, Fed.R.Civ.P. 15(a), the court grants the motion for leave to amend.

25   However, the court dismisses the breach of contract and the Sections 1920 and 1921claims with

26   prejudice and without leave to amend.  The other claims are dismissed with leave to amend. The court

27   also advises Plaintiff that the failure to state a claim in the second amended complaint will likely result

28   in the dismissal of the action with prejudice and without leave to amend.

1    In sum, the court grants the motion to dismiss and grants Plaintiff 15 days leave to amend from

2    the date of entry of this order.

3         **IT IS SO ORDERED.**

4    DATED:  July 9, 2012

5                                                                 _____

6                                                                 Hon. Jeffrey T. Miller
                                                                  United States District Judge
     cc:          All parties
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11cv2982