# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE V. BROCKWAY and THE MARIE V. BROCKWAY 2006 TRUST DATED 5/22/06,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK; WELLS FARGO BANK, as Trustee for the Certificate holders of Structured Asset Mortgage Investments II, Inc. Bear Sterns, Mortgage Funding Trust 2007-AR4 Mortgage Pass-Through Certificates, Series 2007-AR4 by EMC Mortgage Corporation as attorney in fact;<br><br>Defendants. | CASE NO. 11cv2982 JM(BGS)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING LEAVE TO AMEND |

Defendants JP Morgan Chase Bank ("Chase") and Wells Fargo Bank ("Wells Fargo"), as Trustee for the Certificate holders of Structured Asset Mortgage Investments II, Inc. Bear Sterns, Mortgage Funding Trust 2007-AR4 Mortgage Pass-Through Certificates, Series 2007-AR4 by EMC Mortgage Corporation as attorney in fact, move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Second Amended Complaint ("SAC") for failure to state a claim. Plaintiffs Marie V. Brockway and the Marie V. Brockway 2006 Trust Dated 5/22/06 (collectively "Brockway" or "Plaintiff") oppose the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss and denies leave to amend. The Clerk of Court is instructed to close the file.

**BACKGROUND**

On November 5, 2011, Plaintiff commenced this mortgage-related action in the Superior Court of the State of California for the County of San Diego and, on December 21, 2011, Defendants timely removed this diversity action. On February 17, 2012 and on July 9, 2012 the court granted in part and denied in part the earlier motions to dismiss and granted Plaintiff leave to amend. (Ct. Dkt. 8, 14). The SAC alleges four causes of action: (1) Declaratory Relief, (2) Demand for Accounting, (3) Quiet Title, and (4) Injunctive Relief.

Plaintiff's claims arise from a residential loan transaction entered into on February 20, 2007 with now defunct Drexel Lending Group ("Drexel"). (SAC ¶12). Plaintiff obtained a 30 year ARM in the amount of $540,000 and a second mortgage in the amount of $100,000. Id. In broad brush, Plaintiff alleges that employees or agents of Drexel "deliberately, purposefully and with intent to deceive" completed the loan application on her behalf and overstated her income. (SAC ¶13). Without sufficient income to continue to make payments on the loan, Plaintiff fell behind in her payments and sought a loan modification.[1] Plaintiff alleges that she wants to retain possession of the home "and does not understand, since she does qualify for a loan modification, why wouldn't they consider a permanent loan restructure on this property." (SAC ¶21). In conclusory fashion, Plaintiff alleges that Wells Fargo is the successor-in-interest to Drexel and, consequently, incurs all such liability for Drexel. (SAC ¶31).

Chase comes forward with the following judicially noticeable documents. On February 20, 2007 Plaintiff entered into a loan transaction with Drexel for the purchase of the subject home. Plaintiff executed a promissory note and deed of trust ("Deed") in favor of Drexel as the lender. The Deed names Mortgage Electronic Registrations Systems, Inc., ("MERS") as beneficiary and nominee of the lender, Drexel. On March 20, 2009 MERS recorded as assignment of Deed to Wells Fargo and, on April 2, 2009 MERS recorded another assignment of Deed to Citibank. (Request for Judicial Notice).

///

---

[1] The court takes judicial of the two Notices of Default recorded against Plaintiff's property on December 16, 2010 and October 10, 2011. (Defendants' Request for Judicial Notice, Exh. F, G).

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion to Dismiss**

At the heart of Plaintiff's complaint is the allegation that Drexel misrepresented Plaintiff's income on the loan application in order to qualify for the February 20, 2007 loan. (SAC ¶13). As previously addressed by Defendants and the court, a successor in interest is generally not liable for the

1 debts and liabilities of the assignor. <u>Fisher v. Allis-CHalmers Corp. Product Liability Trust</u>, 95 Cal.App.4th 1182, 1188 (2002). A successor in interest is not liable for the torts of an assignor unless "(1) there is an express or implied agreement of assumption, (2) the transaction amounts to a consolidation or merger of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts." <u>Id.</u>

The SAC simply alleges that Wells Fargo "expressly or impliedly agreed to assume all of DREXEL's liabilities under the Deed of Trust." (SAC ¶28). As noted in <u>Iqbal</u>, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. 556 U.S. at 678. Such conclusory allegations do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Id.</u> at 678-79. While an allegation that Defendants either "expressly or implied agreed to assume all of DREXEL's liabilities" raises the possibility of assumption of liabilities, it does not show that Plaintiff is entitled to relief under Fed.R.Civ.P. 8(a)(2). In light of Plaintiff's failure to support the legal conclusion with any factual context in any of her three complaints, the court grants the motion to dismiss this claim with prejudice because Plaintiff fails to set forth sufficient allegations to depart from the general rule that a successor in interest is not liable for the torts of an assignor.[2]

Finally, as all of Plaintiff's claims (declaratory relief, demand for accounting, quiet title and injunctive relief) flow from the conduct of the original lender, (SAC ¶12-15), the court dismisses all claims.

**Leave to Amend**

Plaintiff requests leave to amend the complaint. The court denies Plaintiff leave to amend. The court has informed Plaintiff of the deficiencies with her complaint on two prior occasions, (Ct. Dkt. 8, 14), yet the SAC fairs no better. In her request for leave to amend, Plaintiff fails to identify any potential circumstances under which she can state a claim. Seen in this light, the court denies the motion for leave to amend as there appears to be no circumstances under which Plaintiff may state a

---

[2] The court notes that it informed Plaintiff in its July 9, 2012 order that the failure to state a claim in the SAC would likely result in the dismissal of the complaint with prejudice. (Ct. Dkt. 14).

1 | claim for successor liability.

2 |     In sum, the court grants the motion to dismiss with prejudice and without leave to amend. The
3 | Clerk of Court is instructed to close the file.

4 | **IT IS SO ORDERED.**

5 | DATED: October 15, 2012

_____
Hon. Jeffrey T. Miller
United States District Judge

8 | cc:    All parties